UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON EDWARDS and LAKEASHA EDWARDS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MIRACOSTA COLLEGE et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16CV1024 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION FOR LEAVE TO AMEND and**<br><br>**(2) DENYING MOTION TO DISMISS AS MOOT**<br><br>[Docket Nos. 6, 14] |

Currently before the Court are Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") and Plaintiffs' Motion for Leave to File an Amended Complaint. (Docket Nos. 6, 14.) After Defendants filed their Motion to Dismiss, Plaintiff filed a Motion to Amend, acknowledging that Defendants were correct as to one basis for dismissal and sought leave to amend to cure the deficiency. Although Plaintiff did amend once as a matter of right as permitted under Federal Rule of Civil Procedure 15(a)(1) prior to the filing of the Motion to Dismiss, this is Plaintiffs' first request to the Court for leave to amend.

The parties dispute whether it is more efficient for the Court to rule on the Motion to Dismiss or the Motion for Leave to Amend first. Plaintiffs have conceded the FAC

requires amendment. The Court is not inclined to expend judicial resources evaluating a complaint all parties agree must be amended to survive.

Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting "the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities."). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)).

Given the early stage of the proceedings, only one prior amendment, and the course of the proceedings thus far, the only factor that could weigh against amendment is futility. Defendants briefly argue Plaintiffs' official-capacity claims against individuals are barred by Eleventh Amendment immunity. Plaintiffs counter that the official-capacity claims are limited to prospective injunctive relief. If the official-capacity claims are limited to prospective injunctive relief, the Court cannot find the amendment is clearly futile on this particular point. However, the confusion is understandable because that limitation is not at all clear from the proposed amended pleading. It is also unclear which claims are asserted against which defendants and what relief is sought against them.

///

1  The Court **GRANTS** Plaintiffs leave to file a second amended complaint, but not
2  the proposed one attached to the Motion for Leave to Amend.  Plaintiff may file a second
3  amended complaint on or before **October 15, 2016**.  It must make clear which claims are
4  asserted against which defendants.  Any limitations on the type of relief sought on
5  particular claims or as to particular defendants must be clear.  And, Plaintiffs must
6  attempt to address the other pleading deficiencies identified in the Motion to Dismiss.
7  The Court may not grant leave to amend a second time to cure deficiencies Defendants
8  have already identified in the Motion to Dismiss.
9  The Motion to Dismiss is **DENIED as moot**.
10  **IT IS SO ORDERED.\**

Dated:  September 26, 2016

Hon. Roger T. Benitez
United States District Judge