UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON EDWARDS and LAKEASHA EDWARDS,<br><br>Plaintiffs,<br><br>v.<br><br>MIRACOSTA COLLEGE et al.,<br><br>Defendants. | Case No.: 3:16-cv-01024-BEN-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 27); and**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO CLARIFY THE RECORD (ECF No. 37)** |

Plaintiffs Deon Edwards and Lakeasha Edwards, husband and wife respectively, filed a Second Amended Complaint ("SAC") against Defendants Sunita Cooke, Dick Robertson, Robert Norcross, Ralph Garcia, Ubense Perez, Bill Waldrop, and James Beckman.[1] The Defendants are employees of MiraCosta Community College District ("MiraCosta"). Mr. Edwards alleges violations of his due process rights when he was

---

[1] Plaintiffs' SAC does not bring claims against MiraCosta College.

1

1  suspended from MiraCosta in December 2015.  Mr. and Mrs. Edwards also plead
2  violations of their Fourth Amendment rights against unreasonable searches.
3      Currently before the Court is Defendants' Motion to Dismiss Plaintiffs' SAC
4  pursuant to Federal Rule of Civil Procedure 12(b)(6).  (MTD, ECF No. 27).  Plaintiffs
5  filed an Opposition to the Motion (Opp'n, ECF No. 30) and Defendants filed a Reply
6  (Reply, ECF No. 35).  Plaintiffs filed three Notices of Errata.  (ECF Nos. 31, 38, 39).
7  Additionally, Plaintiffs filed a Motion to Clarify the Record Regarding the Motion to
8  Dismiss (ECF No. 37) and, almost four months after the motion to dismiss was filed, an
9  Objection to Defendants' Request for Judicial Notice of Exhibit #10 (ECF No. 40).
10 Defendants filed a response to Plaintiffs' Objection.  (ECF No. 41).
11     Having considered the allegations of the SAC, the parties' arguments, and the law,
12 the Court grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

**I.   Introduction of Extrinsic Evidence**

In the briefing on the motion to dismiss, Plaintiffs and Defendants each introduced extrinsic evidence outside the pleadings.  The evidence includes multiple declarations, exhibits attached to declarations, and Defendants' request for judicial notice.  When deciding a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to [or incorporated by reference into] the complaint, and matters" of judicial notice.  *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895-899-900 (9th Cir. 2007); *Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002).  However, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (emphasis added).

///
///
///

The Court declines to convert the motion to dismiss to a motion for summary judgment.[2] The Court will not consider extrinsic evidence beyond what is allowable on a Rule 12(b)(6) motion. In this instance, that means the Court will not consider the parties' various declarations and, instead, will only consider the allegations of the SAC and proper matters of judicial notice. The Court thus **DENIES** Plaintiff's motion to clarify the record. (ECF No. 37).

Judicial notice may be taken of a fact not subject to reasonable dispute because it either is generally known within the trial court's territorial jurisdiction or can be readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Upon reviewing the parties' submissions, the Court takes judicial notice of exhibits 1 through 7 of Defendants' request for judicial notice.

Exhibits 1 through 6 are certified copies of court records that detail Mr. Edwards's criminal history as relevant to the allegations of the SAC. Plaintiffs do not dispute the records. *See Shaw v. Hahn*, 46 F.3d 1128, 1128 n.1 (9th Cir. 1995) (explaining that court may take judicial notice of matters of public record, such as court orders).

Exhibit 7 is a copy of MiraCosta's academic calendar for the 2015-2016 school year. The calendar is publicly available online. Defendants ask the Court to take judicial notice of the fact that Fall 2015 final exams occurred from December 14 through December 19, 2015, and that the campus was closed from December 24, 2015 to January 1, 2016. Plaintiffs also ask this Court to consider a publicly available copy of the Fall 2015 final exam schedule, showing that the college administered final exams from December 14 to 19, 2015. Because the parties do not dispute the dates of the final exams, the Court takes judicial notice of this fact. The Court declines to take judicial notice of the fact of when the campus was closed because such notice is unnecessary to resolve the motion.

---

[2] The Court takes no position as to potential conversion of any future motions to dismiss.

## II. Facts[3] and Procedural History

On May 26, 2009, Deon Edwards pled guilty to a felony violation of California Penal Code section 246.3(a) for unlawfully discharging a firearm in a grossly negligent manner and a misdemeanor violation of California Vehicle Code section 23152(a) for driving under the influence of alcohol. (Defs.' RJN, Ex. 1). Pursuant to the terms of his guilty plea, Mr. Edwards was placed on probation, the terms of which prohibited him from possessing a firearm and required him to submit his "person, vehicle, residence, property, personal effects, computers, and recordable media to search at any time with or without a warrant, and with or without reasonable cause, when required by probation officer or other law enforcement officer." (Defs.' RJN, Ex. 2).

On June 21, 2012, the Superior Court of California found that Mr. Edwards had violated the terms of his probation, summarily revoked his probation, and issued a bench warrant for his arrest without bail. (Defs.' RJN, Ex. 3). Under California law, the terms of Mr. Edwards's probation remained in effect pending his arrest. *See People v. Barkins*, 81 Cal. App. 3d 30, 32-33 (1978).

At some point, Mr. Edwards enrolled as a student at MiraCosta. (SAC ¶ 2). He alleges that campus police officers "attempted to search" his cellular phone while he was "in custody" on November 23, 2015 and December 2, 2015. (SAC ¶¶ 13, 13a, 13b). Later, on December 7, 2015, Mr. Edwards was arrested on the warrant and booked into jail. (Defs.' RJN Ex. 4). On the same day, MiraCosta's Vice President of Student Services, Defendant Dick Robertson, suspended Mr. Edwards from campus for ten days. (SAC ¶ 5). Mr. Edwards was not provided an opportunity to be heard, and Dr. Robertson informed Mr. Edwards that he could not appeal. (*Id.* ¶ 7). The basis for the immediate suspension was "information provided to the Campus Police indicat[ing] [Mr. Edwards

---

[3] The Court is not making any findings of fact, but rather, summarizing the relevant allegations of the Second Amended Complaint and matters of judicial notice for purposes of evaluating Defendants' Motion to Dismiss.

is] a threat to others." (*Id.* ¶ 8). Mr. Edwards's detention and suspension overlapped with his final exam dates for the Fall 2015 term, prohibiting him from taking his exams. (*Id.* ¶ 6; Defs.' RJN Exs. 5-7).

Also on December 7, 2015, campus police officers searched a residence at 145 Canyon Driver, #239, Oceanside, CA 92045. (*Id.* ¶ 14). Mrs. Edwards resided at this address at the time, but Mr. Edwards did not. (*Id.* ¶¶ 14, 17). The officers did not have a warrant to search the home, and Mrs. Edwards was not home at the time. (*Id.* ¶¶ 15, 16). Plaintiffs' relatives were present when the officers arrived and did not consent to the search. (*Id.* ¶ 16). While in Mrs. Edwards's home, the officers damaged Mrs. Edwards's bed and dresser. (*Id.* ¶ 19.) She paid $1,000 to repair the damaged items. (*Id.*)

On December 14, 2015, Mr. Edwards appeared in state court on his arrest. (Defs.' RJN Ex. 5). He admitted a probation violation and his probation was formally revoked, except his Fourth Amendment waiver remained in effect. (*Id.*) He was remanded to custody without bail. (*Id.*) On December 15, 2015, while Mr. Edwards was still in custody, a MiraCosta police officer "attempted to search" a dating application on Mr. Edwards's cell phone. (SAC ¶ 13c). Mr. Edwards next appeared in court on January 4, 2016. (Defs.' RJN Ex. 6). He was released from custody and his Fourth Amendment waiver was deleted. (*Id.*)

Dr. Robertson expunged Mr. Edwards's suspension from his disciplinary record on March 8, 2016. (SAC ¶ 9). On April 1, 2016 and May 2, 2016, MiraCosta's Committee on Exceptions granted Mr. Edwards's petition to retroactively withdraw from the Fall 2015 term. (*Id.* ¶ 10). However, he was still charged for the term and the class withdrawals have negatively affected his grade point average. (*Id.*) Mr. Edwards alleges that the class withdrawals have resulted in him being placed on academic probation, being ineligible for academic scholarships, and losing some of his post-9/11 GI Bill benefits. (*Id.* ¶¶ 11-12, 24).

In April 2016, Plaintiffs filed a Complaint in federal court. (ECF No. 1). Before Defendants responded, Plaintiffs amended their complaint. (ECF No. 4). Defendants

moved to dismiss the First Amended Complaint. (ECF No. 6). Before the Court ruled on the motion to dismiss, Plaintiffs filed a motion to amend their First Amended Complaint. (ECF No. 14). This Court granted Plaintiffs leave to file a second amended complaint but explained that Plaintiffs "must make clear which claims are asserted against which defendants," must make clear "the type of relief sought on particular claims or as to particular defendants," and "must attempt to address the other pleading deficiencies identified in the Motion to Dismiss." (ECF No. 25).

Thereafter, Plaintiffs filed their Second Amended Complaint. (ECF No. 26). Mr. Edwards sues Dr. Robertson and MiraCosta President Sunita Cooke for depriving him of his due process protections by suspending him on insufficient grounds and failing to give him an opportunity to be heard. On this claim, he seeks (1) a declaration that the suspension was unconstitutional and against California law; (2) expungement of all grades from the Fall 2015 term, relief which he seeks against President Cooke and Dr. Robertson in their official capacities; (3) to be taken off academic probation and removed from any record of having been on it, against Cooke and Robertson in their official capacities; and (4) damages for all tuition, fees, and expenses from the Fall 2015 term, for the constitutional violation, and for lost scholarship opportunities, against Cooke and Robertson in their individual capacities.

Mr. Edwards's second claim for relief alleges that campus police officers James Beckman and Ubense Perez unreasonably searched his cellular phone three times, and that campus police chief Robert Norcross knew or should have known about the searches but failed to stop them. He seeks a declaration that the three searches were unconstitutional and damages against Chief Norcross, Sergeant Perez, Sergeant Garcia, Officer Beckman, and Officer Waldrop in their individual capacities.

Mrs. Edwards brings the third claim against Sergeant Perez, Sergeant Garcia, Officer Waldrop, Officer Beckman, and Chief Norcross for the allegedly unreasonable search of her home. She seeks a declaration that the search as unconstitutional and
///

damages against the officers in their individual capacities.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants move to dismiss each claim for relief. The Court addresses each claim in turn.

### I. Claim 1: Deprivation of Due Process

Mr. Edwards claims that Defendants Robertson and Cooke violated his due process rights by suspending him on December 7, 2015 for ten days without providing him with an opportunity to be heard. Defendants counter that Plaintiff fails to plead a claim upon which relief can be granted because Defendants' actions were not the cause of this alleged deprivation. Rather, they argue that Mr. Edwards's own criminal conduct and resulting incarceration throughout the exam period and into January 2016 caused him to be unable to be heard, to miss his exams, and to suffer the additional consequences as a result of the missed exams. Defendants also argue that the claim should be dismissed because President Cooke and Dr. Robertson are entitled to Eleventh Amendment immunity and the SAC fails to state facts to support a claim against them.

7

Plaintiff brings a Fourteenth Amendment procedural due process claim. "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (internal citation omitted). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). Protected property interests are not created by the Constitution; rather, they are created and defined by independent sources such as state statutes and rules entitling a citizen to certain benefits. *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

The Supreme Court has held that where state statute provides for free education at the elementary and secondary levels, a student has a constitutionally protected right to that education. *See Goss*, 4119 U.S. at 573-74. However, "[t]here is a dearth of binding case law addressing the issue of whether there is a constitutionally protected right to continued enrollment in a state college or university." *Hunger v. Lassner*, No. 12-00549, 2014 WL 12599630, at *9 (D. Haw. Aug. 30, 2014). Courts have often assumed, without deciding, that students pursuing post-secondary education have a constitutionally protected liberty or property interest in continued enrollment. *See, e.g.*, *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978) ("We need not decide, however, whether respondent's dismissal deprived her of a liberty interest in pursuing a medical career. Nor need we decide whether respondent's dismissal infringed any other interest constitutionally protected against deprivation without procedural due process. Assuming the existence of a liberty or property interest, respondent has been awarded at least as much due process as the Fourteenth Amendment requires."); *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 222-23 (1985) (following *Horowitz* and "assum[ing] the existence of a constitutionally protectible property right in [respondent's] continued enrollment"); *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016) ("We will assume

for present purposes that [plaintiff] did have such a [constitutionally protected] interest, and that defendants therefore deprived him of this interest in removing [plaintiff] from school."); *Hill v. Univ. of Kentucky*, 978 F.2d 1258, *3 (6th Cir. 1993) ("[W]e need not consider whether plaintiff has established the existence of a property interest in his medical school career, because even assuming the existence of such an interest, plaintiff has been accorded at least as much due process as the Fourteenth Amendment requires."); *Lachtman v. Regents of Univ. of Cal.*, 158 Cal. App. 4th 187, 199 (2007) ("No United States or California Supreme Court opinion holds a student has a property or liberty interest in continued enrollment in good standing in an academic program.").

      Plaintiff does not explain what protected liberty or property interest he seeks to vindicate. And the Court is not aware of any California statutes creating a basis for entitlement to post-secondary education. Nevertheless, taking all of Plaintiff's allegations as true and construing them in his favor, the Court finds that he has plausibly alleged a constitutionally protected liberty interest sufficient to survive a motion to dismiss. In *Goss*, the Supreme Court explained that "[w]here a person's good name, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the [Due Process] Clause must be satisfied." 419 U.S. at 574. School suspensions based on charges of misconduct "could seriously damage the students' standing with their fellow pupils and their teachers as well as interfere with later opportunities for higher education and employment." *Id.* at 575. In this case, Plaintiff has alleged that the suspension has negatively affected his grade point average, resulted in him being placed on academic probation, and caused him to be ineligible for academic scholarships. A reasonable inference from these allegations is that Plaintiff's "later opportunities for higher education and employment" have been affected by the suspension. Plaintiff has pled a plausible liberty interest.

      Once a due process right is recognized, the Supreme Court has held that with a suspension of 10 days or less, such as the one here, due process requires that the student be given oral or written notice of the charges against him and, if he denies them, an

9

explanation of the evidence the authorities have and an opportunity to present his version. *Goss*, 419 U.S. at 581. Generally, notice and hearing should precede the student's removal from school, but if prior notice and hearing are not feasible, as where the student's presence endangers persons or property or threatens the disruption of the academic process, thus justifying immediate removal from school, "the necessary notice and rudimentary hearing should follow as soon as practicable." *Id.* at 582-83.

Here, Dr. Robertson notified Plaintiff on December 7, 2015 that he would be immediately suspended. Plaintiff alleges that he was not provided any opportunity to be heard and Dr. Robertson told him that he could not appeal. Although Plaintiff alleges the college took some actions in March, April, and May 2016 to correct parts of his disciplinary and academic record, the Court cannot conclude as a matter of law that these events constituted the necessary hearing "as soon as practicable" after the suspension. Plaintiff has sufficiently alleged denial of adequate procedural protections.

Thus, Plaintiff has adequately pled the elements of a procedural due process violation. Defendants' arguments about causation speak to damages. Plaintiff may not be able to recover damages or other relief for the alleged injuries that flowed from the alleged deprivation—the missed exams and resultant effects on his academic record—because his arrest and detention may be the proximate cause of those injuries. Indeed, Plaintiff may only be entitled to nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (holding that the denial of procedural due process, even if student's suspension was justified, is actionable for nominal damages without proof of actual injury). Plaintiff will have to prove his damages. Plaintiff's burden of proof, however, does not disturb the Court's present finding that he has sufficiently alleged a claim.

Defendants' arguments about Eleventh Amendment immunity fare no better. State officials sued in their official capacity for damages are entitled to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). However, official capacity suits for prospective injunctive relief are not barred by the Eleventh Amendment. *Id.* The Ninth Circuit has held that a student seeks prospective injunctive

relief when he seeks an injunction to expunge his disciplinary record of past violations. *Id.* The appellate court explained that the "injunctions sought are not limited merely to past violations: they serve the purpose of preventing present and future harm to" the student. *Id.* Similarly here, Mr. Edwards seeks injunctive relief to expunge his Fall 2015 grades and be removed from academic probation. Although these alleged injuries occurred in the past, they have continued to have an effect on his academic standing at MiraCosta. Therefore, the requested relief "cannot be characterized solely as retroactive injunctive relief" and is not barred by the Eleventh Amendment. *Id.*

While Defendants' first two arguments fail, their argument about the sufficiency of the allegations against President Cooke is well taken. A defendant cannot be held liable under section 1983 for unlawful conduct that he did not actively engage in. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). Plaintiff sues President Cooke for her supervisory role over Dr. Robertson, rather than her direct participation in some violation of the law. (SAC ¶ 20). The SAC pleads only conclusory allegations that President Cooke "knew or should have known about Dr. Robertson's actions." (*Id.*) Conclusory allegations are insufficient to plausibly plead a claim. *Iqbal*, 556 U.S. at 678.

Therefore, Defendants' motion is **DENIED IN PART** and **GRANTED IN PART.** The procedural due process claim against Dr. Robertson survives, but President Cooke is **DISMISSED.**

## II. Claim 2: Unreasonable Searches of Mr. Edwards's Phone

Mr. Edwards alleges that Officer Beckman and Sergeant Perez unreasonably searched his cellular phone on three occasions, and that Chief Norcross knew or should have known about the searches. Those searches occurred on November 23, 2015, when "Officer Beckman attempted to search Mr. Edwards's Facebook account," on December 2, 2015, when Sergeant "Perez attempted to search Mr. Edwards's photo Gallery," and on December 15, 2015, when "Officer Beckman attempted to search Mr. Edwards's Plenty of Fish application, which is a dating application." Mr. Edwards alleges that he was "in

11

custody" for all three searches. Defendants move to dismiss on the grounds that Mr. Edwards consented to the searches by accepting the terms of his probation agreement, thereby waiving his Fourth Amendment rights.[4]

Defendants' argument is unavailing at this stage of the proceedings. "A Fourth Amendment search waiver cannot provide a justification for a search of a probationer where the officers were unaware of the waiver before they undertook the search." *United States v. Job*, 851 F.3d 889, 896 (9th Cir. 2017). Plaintiff has not alleged any facts about Defendants' knowledge of his waiver before the search. Therefore, the Court cannot conclude that the searches were reasonable as a matter of law solely on the basis of Mr. Edwards's Fourth Amendment search waiver.

Plaintiff's Fourth Amendment claims can be dismissed for a more straightforward reason, however. He fails to allege sufficient facts to state a claim for an unreasonable search. First, the SAC alleges that the campus police officers "attempted to search" Mr. Edwards's phone—not that they did, indeed, search the phone. Second, the SAC lacks facts to suggest that the attempted searches were unreasonable. For instance, Plaintiff does not allege that the searches were warrantless or without consent or exigency.

The second claim for relief is **DISMISSED.**

### III. Claim 3: Unreasonable Search of Mrs. Edwards's Home

Mrs. Edwards alleges that her Fourth Amendment rights were violated when her home was searched without a warrant, probable cause, consent, or exigent circumstances. Defendants move to dismiss on the grounds that Mr. Edwards consented to the search by agreeing to a Fourth Amendment waiver as a term of probation. As discussed above, the Court rejects this argument.[5]

---

[4] Defendants also argue that Mr. Edwards provided verbal consent to search his cellular phone. The Court does not address this ground because Defendants base their argument on facts of which this Court has not taken judicial notice.
[5] Defendants also argue that Mr. Edwards provided Defendants with Mrs. Edwards's address prior to the search and verbally consented to the search. As with Mr. Edwards's

12

3:16-cv-01024-BEN-JMA

Defendants also argue that Mrs. Edwards has not plead a Fourth Amendment violation because her allegations about the destruction to her home are insufficient to state a claim. Defendants' argument again goes to proof of damages, not pleading sufficiency. It is true that "destruction of property during a search does not necessarily violate the Fourth Amendment. Rather, only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Mena v. City of Simi Valley*, 226 F.3d 1031, 1041 (9th Cir. 2000) (internal citations and quotations omitted). Plaintiff will have to prove the damages she claims to recover them, but she has pled a plausible Fourth Amendment claim. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) ("It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.").

The motion to dismiss the third claim is **DENIED.**

## CONCLUSION

Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** (ECF No. 27). The motion to dismiss Claim 1 is **DENIED** as to Dr. Robertson, but **GRANTED** as to President Cooke. President Cooke is **DISMISSED**. The motion to dismiss Claim 2 is **GRANTED** and this claim is **DISMISSED.** The motion to dismiss Claim 3 is **DENIED.**

Plaintiff's motion to clarify the record is **DENIED.** (ECF No. 37).

The Court must consider whether to grant Plaintiffs leave to amend. Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Although Plaintiffs have filed three versions of their complaint, and leave to amend would give them a fourth try, this Order is the first time that the Court has addressed the merits of Plaintiffs' allegations. Moreover, it appears that some of the deficiencies noted by the Court may be corrected, thus amendment is not futile. The Court grants Plaintiffs

---

second claim, the Court has not taken judicial notice of this extrinsic evidence and does not consider this argument.

13

3:16-cv-01024-BEN-JMA

leave to file a third amended complaint. Plaintiffs may file a third amended complaint within seven (7) days of the signature date of this Order.

**IT IS SO ORDERED**.

Dated: June 20, 2017

_____
Hon. Roger T. Benitez
United States District Judge